GLADYS LINDSAY *et al v.* J. O. BUCHANAN

(No. 7252)

Submitted May 3, 1932.   Decided May 17, 1932.

*Lillian S. Robertson* and *England & Ritchie,* for appellant.
*Lilly & Lilly,* for appellees.

HATCHER, PRESIDENT:

This is a suit brought by the devisees of C. R. Poling to
set aside a deed to defendant Buchanan for a house and lot
in the city of Charleston.   The circuit court found for plain-
tiffs, holding specifically "that the evidence clearly proves
that at the time of the execution of the deed in question, C. R.
Poling did not possess memory, understanding and mind
sufficient to know and appreciate the nature, character and
effect of the acts of signing, executing and delivering said
deed in question."

The deed was executed on February 11, 1931.   Poling was
then eighty-seven years old.   He died March 20, 1931.   The
consideration for the conveyance was $25.00 cash and nine-
teen monthly payments of $25.00 each, represented by notes.
The value of the property was estimated at from $1,800 to
$3,000.   It was rented at $22.00 a month.   Poling was taken
to a bank after the deed was executed where he indorsed
(without difficulty) and left the nineteen notes for collection.

The father of defendant saw Poling about a week before the deed was executed and considered him normal mentally at that time. The defendant's mother and the notary who took Poling's acknowledgment to the deed were of opinion that he was in good mental condition when he executed the deed. (The notary stated that he talked with Poling ''some'' when he took the acknowledgment but had never seen him before.) Ten disinterested witnesses testified to the contrary. Their factual evidence is clear, uncontroverted, and shows that at the date of the deed Poling had become dirty, unkempt, incontinent, incoherent, subject to hallucinations, very feeble, without sense of location and time, and without lucidity of thought or memory, and that he was in an advanced stage of chronic senile dementia. Two of these witnesses (his tenants) questioned him about selling his property the very evening of February 11th. He then appeared unable to recall the sale and seemed to think that the notes he had indorsed had something to do with getting himself a job in the post office.

It is familiar law that the opinion of the notary is entitled to peculiar weight in such cases. But like that of an attesting witness to a will, it is not conclusive. 1 Wharton & Stille Med. Juris., sec. 368. In the final analysis: ''The weight and value of his opinion depends very much upon his means of observation and knowledge.'' Jones Comm. on Ev. (2d Ed.), sec. 1270. In this case then witnesses who had better opportunity to judge of Poling's mentality than the notary, differ with him. When we consider that preponderance of evidence in connection with the inadequate purchase price of the property, we are of opinion that the decision of the circuit court is fully sustained. It is accordingly affirmed.

*Affirmed.*